# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | No. 11-434 |
| NORMAN WERTHER | : | |

## MEMORANDUM

**Schiller, J.** April 8, 2013

Count thirty-eight of the Third Superseding Indictment charges that on or about September 1, 2010, Dr. Werther "knowingly and intentionally distributed and dispensed . . . outside the usual course of professional practice and not for a legitimate medical purpose" approximately 180 pills of oxycodone and that Nathaniel Backes died as a result of using those pills.

Dr. Werther's trial commences on May 6, 2013. He filed a motion in limine seeking to preclude "death scene and autopsy photographs" of Backes. Defendant contends that the autopsy photos are not relevant to proving the Government's case that Dr. Werther was responsible for Backes's death. (Def.'s Mem. of Law in Supp. of Mot. in Limine to Exclude the Introduction of Death Scene and Autopsy Photographs [Def.'s Mem.] at 2.) The Government represents to the Court "[i]t is not the present intention of the government to seek admission of autopsy photographs." (Gov't's Resp. to Def.'s Mot. in Limine Regarding Photographs [Gov't's Resp.] at 2 n.1.) Therefore, the Court will deny Defendant's motion without prejudice as to any autopsy photos. Should the Government seek to introduce autopsy photos during trial, the Court will revisit this matter.

With regard to the death scene photos, Dr. Werther argues that they are "highly inflammatory" and "unfairly prejudice Dr. Werther because [they create] a risk that the jury will want to punish Dr. Werther for patient [Backes's] death (regardless of whether the government actually

proves the charge beyond a reasonable doubt).” (Def.'s Mem. at 3.)

Rule 403 of the Federal Rules of Evidence allows a court to exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." District courts are empowered with broad discretion to determine whether evidence should be excluded under Rule 403. *United States v. Pelullo*, 14 F.3d 881, 888 (3d Cir. 1994). Rule 403, however, creates a presumption of admissibility. *United States v. Cross*, 308 F.3d 308, 323 (3d Cir. 2002).

The Court has reviewed the photographs in question and concludes that they are admissible. The photos depict the scene where Backes is alleged to have died of an overdose of oxycodone. Some of the photos depict a pill bottle or a label to a pill bottle for oxycodone. One photo shows an unconscious male, purportedly Backes, with no apparent injuries laying by a set of stairs. These photos will allow the Government to demonstrate that Backes died and to try to tie that death to his alleged ingestion of oxycodone prescribed by Dr. Werther.

Dr. Werther contends that the death scene photos are unnecessary because the autopsy report confirms Backes's death. (Def.'s Mem. at 4.) But a picture is worth a thousand words, and the Government is not required to sanitize its case because a victim has died. *See Cross*, 308 F.3d at 325. The photos are not gruesome, shocking, nor do they depict a horrific scene. The Court trusts that a jury of adults, instructed not to render a verdict based on passion or prejudice, can view them without unfair prejudice to Dr. Werther. Therefore, the photographs will be admitted. *Gov't of V.I. v. Krepps*, 438 F. App'x 86, 88-89 (3d Cir. 2010) (affirming decision to allow jury to view photos of victim's mummified and partially decomposed body); *see also United States v. Salim*, 189 F. Supp. 2d 93,

98 (S.D.N.Y. 2002) (noting that in the Second Circuit, graphic or disturbing nature of photo showing a dead victim is insufficient to exclude the photo under Rule 403).

Dr. Werther's motion is denied. The Government may introduce photographs of the scene where Backes died, including the photograph depicting Backes. An Order consistent with this Memorandum will be docketed separately.